Jon Weiner
jon@vameswang.com
VAMES / WANG
600 NW Fariss Road
Gresham, OR  97030
Tel: (503) 669-3426
Fax: 503-573-8373
Of Attorneys for Plaintiff(s)

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| FRANK ARNOLD VAN WAGNER, | Case No. |
| Plaintiff, | COMPLAINT - |
| v. | CLAIMS FOR VIOLATION OF CIVIL RIGHTS UNDER THE 8TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION; 42 U.S.C. § 1983; AND SUPPLEMENTAL STATE LAW CLAIMS. |
| COLETTE PETERS, Director, Oregon Department of Corrections (in her individual capacity); JOSEPH BUGHER, Assistant Director, Oregon Department of Corrections Health Services (in his individual capacity); JOSHUA HIGHBERGER, Superintendent, Oregon State Correctional Institution (in his individual capacity),  SUSAN MABE, DR. THOMAS BRISTOL, LORETTA IRVING, DR. ZOLTAN TEGLASSY, DR. SHARON SMITH, | |

Page **1** of **16**-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

                               Defendants.                             DEMAND FOR JURY TRIAL

The allegations set forth herein are intended to refer to "all times relevant" regardless whether stated in the past, present, or future tense. Plaintiff alleges:

## PRELIMINARY STATEMENT

1. Frank Van Wagner ("plaintiff" or "Mr. Van Wagner") is a citizen and resident of the State of Oregon. He is an inmate ("adult in custody" or "AIC") in the Oregon Department of Corrections ("DOC"). On August 20, 2019, plaintiff was working in an inmate welding shop at the OC's South Fork Forest Camp ("South Fork") in Tillamook, Oregon. A heavy unsecured metal pipe fell and struck Mr. Van Wagner, fracturing his left radial bone. He received no medical care and no pain medication for 8 days. He fashioned his own sling from a bed sheet. The medical care plaintiff received thereafter was inadequate and led to additional harm. Due principally to harm inflicted by defendants' deliberate indifference, plaintiff asserts claims for violation of his civil rights under the 8th and 14th Amendments to the United States Constitution; claims for violation of 42 U.S.C. § 1983; and supplemental state law claims.

## JURISDICTION

2. This action arises under the constitution and laws of the United States and jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

## VENUE

3. Venue is appropriate in this Court pursuant to 28 USC § 1391 because the events or omissions giving rise to this complaint occurred in Tillamook, Multnomah, and Marion Counties, Oregon.

## PARTIES

4. Defendant Colette Peters ("Peters") is the Director of the Oregon Department of Corrections. At all times relevant this defendant acted under color of law.

5. Defendant Joe Bugher ("Bugher") is the Assistant Director of the Oregon Department of Corrections Health Services. At all times relevant this defendant acted under color of law.

6. Defendant Joshua Highberger ("Highberger") is the Superintendent of the Oregon State Correctional Institution ("OSCI") in Salem, Oregon. Mr. Highberger operates OSCI and is responsible for all aspects of administration – including the provision of medical care to AIC's. At all times relevant Mr. Highberger, his subordinates, and his agents acted under color of law.

7. Defendant Susan Mabe ("Mabe") is a registered nurse employed by the Oregon Department of Corrections ("ODOC") at South Fork. On information and belief, she is a citizen and resident of the State of Oregon. Ms. Mabe personally provided care to plaintiff during his time of incarceration at South Fork. At all times relevant this defendant acted under color of law.

8. Defendant Thomas Bristol, MD ("Dr. Bristol") is a licensed emergency medical physician contracted to provide inmate medical services for DOC. On information and

Page 3 of 16-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

belief, he is a citizen and resident of the State of Oregon. He personally provided care to plaintiff. At all times relevant this defendant acted under color of law.

9. Defendant Loretta Irving, RN ("Ms. Irving") is a registered nurse employed as a Nurse Manager at OSCI. On information and belief, she is a citizen and resident of the State of Oregon. Ms. Irving personally provided care to plaintiff during his incarceration at OSCI. As nursing manager, she is responsible for the level of care provided to AIC's at OSCI. At all times relevant this defendant acted under color of law.

10. Defendant Zoltan Teglassy, MD ("Dr. Teglassy") is a physician contracted to provide health services for ODOC. Dr. Teglassy personally provided services to plaintiff during his incarceration at OSCI. At all times relevant this defendant acted under color of law.

11. Defendant Sharon Smith, MD ("Dr. Smith") is a medical physician employed at OSCI. Dr. Smith personally provided care to plaintiff during his incarceration at OSCI. At all times relevant this defendant acted under color of law.

## FACTUAL ALLEGATIONS

12. Plaintiff's left radial bone was broken on August 20, 2019 when a heavy improperly secured pipe fell on his arm.

13. DOC staff refused to transport plaintiff to a hospital or other medical facility for treatment. With no treatment on the horizon, plaintiff created a make-shift sling from a bed sheet. The next day plaintiff was seen by defendant Mabe, who noted plaintiff was unable to move his elbow joint. Mabe and other staff provided essentially nothing to plaintiff to address his broken bone. However, Mabe did offer plaintiff a Non-Steroidal Anti-Inflammatory Drug (NSAID) as pain medication. Plaintiff informed Mabe that he

Page 4 of 16-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

was allergic to NSAIDS and asked to be provided an alternative. Mabe refused and provided nothing in the way of reasonable medical care for the next several days.

14. Mabe and other South Fork employees refused to provide plaintiff with a bottom bunk restriction, even though he was not able to safely negotiate an upper bunk bed due to his broken arm. As a result of this hazardous condition, plaintiff fell several times and suffered further physical injury.

15. Plaintiff remained at the South Fork Camp over the next eight days with a broken arm, no medical care, no lower bunk, and no pain medication. On August 28, 2019 plaintiff was transported to Columbia River Correctional Institution (CRCI).

16. Plaintiff received an x-ray at CRCI on August 28, 2019. The x-ray clearly showed several fractures to Mr. Van Wagner's left elbow, but the image was not viewed by a doctor prior to Mr. Van Wagner's return back to South Fork.

17. On September 4, 2019, plaintiff was transported back to CRCI for another x-ray. Plaintiff's x-ray was reviewed by an on-call surgeon, who confirmed the fractures. Plaintiff again asked for non-NSAID medication and was refused.

18. On September 13, 2019, 26 days after his injury, plaintiff had surgery to remove the head of his left radial bone and replace it with a metal prosthetic implant.

19. On September 24, 2019, plaintiff received his third x-ray which showed no post-surgery complications. That same day, Dr. Cory Carlson prescribed that plaintiff undergo physical therapy to prevent atrophy, rebuild his muscle tone, and expand the range of motion in his left arm. He was denied this treatment by staff at CRCI.

20. Defendant Dr. Bristol falsely stated to plaintiff that the DOC's Therapeutic Level of Care Committee (TLCC) had denied plaintiff physical therapy. Plaintiff later learned that

Page 5 of 16-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

the TLCC had not even voted on the matter, as defendant Dr. Bristol never raised the issue before the committee for consideration.

21. Plaintiff received his fourth x-ray on December 5, 2019. That image showed significant erosion of the bone away from the prosthetic. Medical staff were unconcerned and did nothing to address this or prevent further erosion.

22. Plaintiff was transferred to OSCI by Dr. Glenn Greeder, with the idea that this would enable plaintiff to undergo physical therapy for his left arm. Upon his arrival at OSCI on December 10, 2019, plaintiff was informed by facility staff that they had received no instructions from Mr. Greeder or staff at CRCI regarding physical therapy.

23. Physical therapy would not begin until January 17, 2020, nearly four months after plaintiff's surgery. Plaintiff received four 15-minute purported physical therapy sessions, during which he received no actual guidance or assistance. Instead, the therapist only charted the progress that plaintiff was able to make on his own. This was woefully inadequate to prevent further atrophy and restore full use of his plaintiff's arm.

24. Plaintiff received another x-ray on June 9, 2020, which showed additional erosion and deterioration of the radial bone head. The condition of plaintiff's arm has continued to deteriorate due to defendants' deliberate indifference to plaintiff's serious medical needs and severe pain. That indifference is ongoing.

**Deliberate Indifference**

25. Defendants Peters and Bugher are responsible for providing constitutionally adequate medical care and other conditions of confinement for AIC's. However, that is a bare minimum. Peters and Bugher are also charged with ensuring compliance mandated by Oregon Administrative Rules and statutes. Peters and Bugher are aware

of these responsibilities and the substantial risk that constitutional violations will arise from their failure to meet them. However, in the face of that risk, and with knowledge that these constitutional violations are already occurring, Peters and Bugher refuse to take adequate remedial action.

26. Defendants Peters and Bugher are aware that the prison healthcare system needs to be effectively managed in order to avoid violation of inmates' constitutional rights and DOC's obligation to comply with the requirements imposed upon it by constitution, statute, and administrative rule. Peters and Bugher are aware of these responsibilities and the substantial risk that constitutional violations will arise from their failure to meet them. However, in the face of that risk, and with knowledge that these constitutional violations are already occurring, Peters and Bugher refuse to take adequate remedial action.

27. Defendants Peters and Bugher are aware that the DOC's inmate healthcare system is failing to provide inmates with healthcare satisfying the standards mandated under the 8th Amendment, the 14th Amendment, and Oregon law.  Peters and Bugher are aware that the DOC's medical records system is antiquated and ineffective. They are aware that there exists no reliable system in place to facilitate communication between (a) the various institutions' healthcare providers; (b) healthcare providers at the same institution; and (c) healthcare workers and officers working at the same institution. Peters and Bugher are also aware that it is ultimately their responsibility to ensure that such systems are in place.  Peters and Bugher are aware of this responsibility and the substantial risk that constitutional violations will arise from their failure to meet it. However, in the face of that risk, and with knowledge that these constitutional violations

Page **7** of **16**-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

are already occurring, Peters and Bugher refuse to take adequate remedial action.

28. Defendant Peters is aware that she is obligated to provide AIC's with living conditions that are sufficiently safe, sanitary, and otherwise habitable. Peters is aware of this responsibility and the substantial risk that constitutional violations will arise from her failure to meet it. However, in the face of that risk, and with knowledge that these constitutional violations are occurring, Peters refuses to take adequate remedial action.

29. Defendant Peters is aware that, to the extent she allows inmate work crews and shops, she is obligated to make them safe for inmates who work there. Peters is aware of this responsibility and the substantial risk that constitutional violations will arise from her failure to meet it. However, in the face of that risk, and with knowledge that these constitutional violations are occurring, Peters refuses to take adequate remedial action.

30. Defendant Susan Mabe is a registered nurse. She was aware that plaintiff had a severely injured – and likely broken - arm. She was aware the injury was inflicted by a very heavy blunt object and thus likely a "crushing" injury. She is aware that such injuries require immediate effective attention. Defendant Mabe knows that absent immediate effective medical attention, such injuries can lead to permanent deformity, loss of function, disability, bone death, and other serious health problems.

31. Defendant Mabe knew that, if she did not provide medical treatment to plaintiff, or send him out to be treated by another healthcare provider, he would simply not receive medical treatment. In abdication of her professional responsibilities, and violation of plaintiff's 8th and 14th Amendment rights, Mabe did essentially nothing and allowed plaintiff to languish for eight days at South Fork with no treatment.

32. Defendant Mabe knew that plaintiff was in severe pain. Defendant Mabe knew that,

Page **8** of **16**-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

if she did not provide pain medication to plaintiff, or send him out to be treated by another healthcare provider, he would simply not receive pain medication. In abdication of her professional responsibilities, and violation of plaintiff's 8th and 14th Amendment rights, Mabe did essentially nothing and allowed plaintiff to languish for eight days at South Fork with no pain medication.

33. Plaintiff was transferred to OSCI so he could participate in physical therapy. Special post-operative care was to be provided per Dr. Carlston's order. However, defendants denied knowledge of that order and refused to provide that course of treatment.

34. OSCI staff were aware that plaintiff had a broken arm with injuries to his left elbow. Defendants Bristol, Irving, Teglassy, and Smith were also aware of plaintiff's injury. Individually and collectively, these defendants were responsible for treating plaintiff's injury, minimizing the long-term adverse effects of that injury (such as deformity, atrophy, bone loss, and loss of function), and taking reasonable steps to prevent exacerbation of those adverse effects (or other additional harm). Each of these medical professionals was aware that neglecting to adequately treat plaintiff's condition would likely lead to bone loss, atrophy, deformity, and loss of function. However, none of these medical professionals appeared to care sufficiently to follow through to ensure plaintiff got the care he needed.

35. In abdication of their professional responsibilities, none of defendants Bristol, Irving, Teglassy, and Smith took adequate steps to ensure plaintiff received a competent course of treatment. These professionals – three doctors and a nurse – were unwilling to take the steps necessary to protect their patient. They understood the likely outcome of their non-feasance, but they apparently just did not care. As a result of their

Page 9 of 16-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

deliberate indifference to plaintiff's serious medical needs, plaintiff suffered physical harm.

36. Defendant Hightower has an obligation to ensure that the inmates in his institution are provided constitutionally adequate medical care and other conditions of confinement. However, that is a bare minimum. Hightower is also charged with ensuring compliance mandated by Oregon Administrative Rules and statutes. Hightower is aware of these responsibilities and the substantial risk that constitutional violations will arise from his failure to meet them. However, in the face of that risk, and with knowledge that these constitutional violations are already occurring, Hightower refuses to take adequate remedial action.

37. Defendant Hightower is aware that the prison healthcare system needs to be effectively managed in order to avoid violation of inmates' constitutional rights and DOC's obligation to comply with the requirements imposed upon it by constitution, statute, and administrative rule. Hightower is aware of these responsibilities and the substantial risk that constitutional violations will arise from his failure to meet them. However, in the face of that risk, and with knowledge that these constitutional violations are already occurring, Hightower refuses to take adequate remedial action.

38. Mr. Van Wagner has suffered permanent atrophy, muscle loss, and loss of range of motion since his incarceration. He has also experienced severe pain. These conditions were avoidable and directly attributable to the actions and inactions of the defendants. Defendants were aware of Mr. Van Wagner's serious medical needs, the pain he was experiencing, and the necessity for prompt, ongoing, and effective treatment, but they just didn't care. As a result, plaintiff was harmed. Defendants were

Page **10** of **16**-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

deliberately indifferent to plaintiff's severe pain and serious medical needs, resulting in physical, emotional, and financial harm to plaintiff.

**Applicable Oregon Administrative Rules**

39. ODOC and their staff are obligated by state and federal law to provide medical care for persons lodged in the DOC facilities. ODOC's duty to provide medical care is a non-delegable duty.

40. Under OAR 291-124-0005, the Director of the Department of Corrections is given authority for providing policies and procedures to ensure adequate and necessary medical, dental, and mental care for AIC's. Such policies include:

   a. "Provide professional, quality, essential, and important healthcare services that support the health status of AICs during incarceration, including end of life care."

   b. "Deliver constitutionally mandated healthcare using an efficient managed care system in support of the mission of the department."

   c. "Ensure there is an organized system in place to provide AICs with access to care to meet their serious medical, dental, and mental health needs."

   d. "Conduct procedures in a clinically appropriate manner using appropriately credentialed personnel in an appropriate setting consistent with the standards for similar care provided in the community."

41. Under OAR 291-124-0016(1), "The Health Services Assistant Director is responsible for directing AIC healthcare services in the Department of Corrections." Such duties

include:

    e. "Developing standards for the organization, coordination and delivery of AIC healthcare."

    f. "Ensure the organization and delivery of AIC healthcare meets established standards."

    g. "Ensuring the operation of all areas of AIC healthcare, including medical, dental, mental health care and pharmacy services comply with appropriate professional standards, statutory requirements, and administrative rules and policies of the department."

42. Under OAR 291-124-0017, "Employees providing health services shall practice within the scope defined by statute and administrative rule of the respective regulatory professional licensing or certification board."

43. Under the governing DOC administrative rules, defendants were required to comply with the laws, standards, practices, processes, and policies set forth above. They failed to do so.

**Exhaustion of Administrative Remedies**

44. To the extent he was able, given his physical injury and the timeframe involved, plaintiff availed himself of all levels of available administrative remedies prior to initiating this action.

## FIRST CLAIM FOR RELIEF

(Civil Rights Claim – 14th and/or 8th Amendments –

42 USC § 1983)

Page 12 of 16-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

**(Deliberate Indifference to Serious Medical Needs)**

**(All Defendants)**

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44.

46. Defendants Colette Peters, Joshua Highberger, Susan Mabe, Dr. Thomas Bristol, Loretta Irving, Dr. Zolton Teglassy, and Dr. Sharon Smith (collectively "individual defendants"), and each of them, were deliberately indifferent to Frank Van Wagner's serious medical needs and his rights under the Fourteenth and/or Eighth Amendments to the U.S. Constitution.

47. As a direct result of the actions and/or inactions of the defendants, and each of them, Frank Van Wagner suffered permanent damage to his left arm. If defendants had taken prompt appropriate medical action, Mr. Van Wagner would not have the extent of permanent damage that now affects the use of his left arm and ability to engage in major life activities. As a direct result of the actions or inactions of defendants, Mr. Van Wagner endured extreme pain, significant harm to his right arm, physical distress, and mental distress. Mr. Van Wagner is entitled to economic and non-economic damages in an amount to be determined at trial.

48. The defendants were recklessly indifferent to Mr. Van Wagner's civil rights and callously disregarded his health and physical safety. Punitive damages should be awarded in an amount to be determined at trial.

49. For claims arising under 42 U.S.C. 1983, plaintiff is entitled to recover reasonable attorney fees and costs of litigation pursuant to 42

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

U.S.C. 1988.

## SECOND CLAIM FOR RELIEF

### (Negligence)

### (Against Defendants Mabe, Bristol. Irving, Teglassy, and Smith)

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49.

51. The actions of defendants Susan Mabe, Dr. Thomas Bristol, Loretta Irving, Dr. Zolton Teglassy, and Dr. Sharon Smith (collectively "individual defendants"), and each of them, by and through their employees acting within the course and scope of their employment, were negligent:

52. Each of these defendants owed to duty to plaintiff to use reasonable care in treating his injury. In contravention of those duties, the individual defendants, and each of them, provided an inadequate level of care. The harm to plaintiff described herein was actually and proximately caused by their substandard level of care.

53. Mr. Van Wagner endured extreme pain, physical distress, mental distress, and the inability to engage in major life activities. Mr. Van Wagner is entitled to economic and non-economic damages in an amount to be determined at trial.

54. Notice pursuant to the Oregon Tort Claims Act was provided within the time prescribed by law.

## THIRD CLAIM FOR RELIEF

### (Gross Negligence/Reckless Misconduct)

Page 14 of 16-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

**(Against Defendants Mabe, Bristol. Irving, Teglassy, and Smith)**

55. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 54.

56. Defendants Joshua Highberger, Susan Mabe, Dr. Thomas Bristol, Lorreta Irving, Dr. Zolton Teglassy, and Dr. Sharon Smith, and each of them (as well as Laney, Smith and Irving were grossly negligent and acted with reckless misconduct in engaging in the conduct described herein.

57. As a direct result of the misconduct of defendants Susan Mabe, Dr. Thomas Bristol, Lorreta Irving, Dr. Zolton Teglassy, and Dr. Sharon Smith, and each of them, Mr. Van Wagner suffered the physical harm described herein. Mr. Van Wagner endured extreme pain, physical distress, mental distress, and inability to engage in major life activities. Mr. Van Wagner is entitled to economic and non-economic damages in an amount to be determined at trial.

58. The actions of defendants Joshua Highberger, Susan Mabe, Dr. Thomas Bristol, Lorreta Irving, Dr. Zolton Teglassy, and Dr. Sharon Smith, were grossly negligent, recklessly indifferent to Frank Van Wagner's civil rights, and acted with callous disregard for Frank Van Wagner's health and physical safety. Punitive damages should be awarded in an amount to be determined at trial.

59. Notice pursuant to the Oregon Tort Claims Act was provided within the time prescribed by law.

WHEREFORE, Plaintiff prays for judgment as follows:

Page 15 of 16-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373

**On the First Claim for Relief**, for judgment against defendants Colette Peters, Joshua Highberger, Susan Mabe, Dr. Thomas Bristol, Lorreta Irving, Dr. Zolton Teglassy, and Dr. Sharon Smith, and each of them, for economic damages in an amount to be determined at trial, non-economic damages in an amount to be determined at trial, and punitive damages in an amount to be determined at trial, and necessarily and reasonably incurred attorney fees and costs pursuant to 42 U.S.C. 1988;

**On the Second Claim for Relief**, for judgment against defendants Susan Mabe, Dr. Thomas Bristol, Lorreta Irving, Dr. Zolton Teglassy, and Dr. Sharon Smith, and each of them, for economic damages in an amount to be determined at trial, non-economic damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial; and

**On the Third Claim for Relief**, for judgment against defendants Susan Mabe, Dr. Thomas Bristol, Lorreta Irving, Dr. Zolton Teglassy, and Dr. Sharon Smith, and each of them, for economic damages in an amount to be determined at trial, non-economic damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial.

DATED this 19th Day of August, 2021.

/s/ Jon Weiner
Jon Weiner, OSB # 993944
VAMES/WANG
600 NW Fariss Road
Gresham, OR 97030
Of Attorneys for Plaintiff

Page 16 of 16-COMPLAINT

JON H. WEINER, Attorney at Law
*Vames and Wang*
600 NW Fariss Rd, Suite 118,
Gresham, OR 97030
Tel. (503)399-7001  Fax (503)573-8373