IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FRANK ARNOLD VAN WAGNER, | Civ. No. 3:21-cv-01234-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| COLETTE PETERS; JOSEPH BUGHER; JOSHUA HIGHBERGER; SUSAN MABE; DR. THOMAS BRISTOL; LORETTA IRVING; DR. ZOLTAN TEGLASSY; DR. SHARON SMITH, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Non-Party Oregon Department of Corrections's Motion to Modify or Quash Subpoena Duces Tecum and for a Protective Order. ECF No. 39. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

"A party's right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as otherwise permitted under the discovery rules." *McGuffin v. Dannels*, Case No. 6:23-CV-01162-MK, 2023 WL 11832162, at *1 (D. Or. Sept. 8, 2023) (internal quotation marks and citation omitted). Accordingly, a Rule 45 subpoena is subject to the same scope of discovery as defined in Federal Rule of Civil

Page 1 –OPINION & ORDER

Procedure 26. *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*¸ No. CV-12-08261-PCT-JAT, 2014 WL 2804276, at *2 (D. Ariz. June 20, 20214).

Rule 26 entitles each party to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "On a timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

"Although the party moving to quash a subpoena bears the burden of persuasion, the party issuing the subpoena must sufficiently demonstrate the relevance of the information sought." *Canning v. Washington Cnty.*, Case No. 3:23-cv-00210-AN, 2024 WL 4381122, at *1 (D. Or. Oct. 2, 2024) (internal citations omitted).

"What constitutes an 'undue burden' is the same when a nonparty is subpoenaed under Rule 45 as when a party receives a request for production under Rule 34." *SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 148 (D. Or. 2021).

Courts have "broad latitude" to issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden." *deBarros v. Walmart Stores, Inc.*, 857 F. Supp.2d 1109, 1113 (D. Or. 2012) (internal quotation marks and citation omitted). The party seeking a protective order has the burden of

proving "good cause," which requires showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). "When evaluating good cause, a district court may be called upon to balance the benefits and burdens of complying with a subpoena." *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 377 F. Supp.3d 1197, 1203 (D. Or. 2019). Courts "give special consideration to the burdens imposed on nonparties," and "are particularly reluctant to require a nonparty to provide discovery that can be produced by a party." *Id*.

## DISCUSSION

Plaintiff has filed a subpoena duces tecum on non-party Oregon Department of Corrections ("ODOC") seeking "[a]ll documents and electronically stored information which refer or relate to Frank Arnold Van Wagner between August 1, 2019 and April 30, 2022, including but not limited to, (1) Medical Records and Imaging; (2) Non-Medical Inmate Records; (3) Photographs and Videos; and (4) Email and Messaging Communications." Thompson Decl. Ex. 3, at 1. ECF No. 39-1. During subsequent conferral, Plaintiff dropped his request for medical records and imaging.

ODOC sought an order quashing or modifying the subpoena on the grounds that (1) the subpoena failed to allow sufficient time to apply given the scope of material sought; (2) the subpoena potentially requires the disclosure of privileged or other protected matter; (3) the subpoena seeks inaccessible electronically stored information that is duplicative of hard-copy files; and (4) the subpoena subjects

ODOC to a substantial undue burden not in proportion to the needs of the case. ODOC also seeks a protective order limiting discovery to reduce the burden on ODOC.

In response to the Motion to Quash, Plaintiff has withdrawn his request for photographs and videos and agreed to limit his request for non-medical inmate records and to limit the search terms for Plaintiff's request for email and messaging communications. Pl. Resp. 3. ECF No. 40. Plaintiff does not object to an extension of time for ODOC to respond to the subpoena and has clarified that he does not seek privileged material. *Id.* at 6.

In terms of non-medical inmate records, Plaintiff has clarified that he seeks information entered in Plaintiff's case from screen 13, "Inmate Health Plan," and screen 14 "Offender Health Status," of the Corrections Information System ("CIS"), which is known as DOC400. Pl. Resp. 7. ODOC objects that the information entered on those screens are protected medical and health information that ODOC is barred from producing under ORS 179.495 and ORS 179.505. ODOC Reply at 3. ECF No. 42. ODOC states that it cannot release these documents without either Plaintiff's statutorily compliant written authorization or a court order. *See* ORS 179.495 ("Written accounts of the adults in custody of any Department of Corrections institution . . . are not subject to disclosure unless . . . upon the order of a court of competent jurisdiction."). The Court will order the production of the relevant records to Plaintiff within fourteen (14) days of the date of this Order.

In terms of email and messaging communications, Plaintiff has agreed to limit the search terms to "Van Wagner," "Frank Van Wagner," "Frank Arnold Van

Page 4 –OPINION & ORDER

Wagner," and "13187630." Pl. Resp. 8. Defendants object that this search is unduly burdensome because a preliminary search of emails returned 58,513 results which would have to be reviewed for responsiveness and privilege. First Pack Decl. ¶ 10. ECF No. 39-2. ODOC also has over 5,000 employees who have access to the Microsoft Teams messaging service, which would also have to be searched, Second Pack Decl. ¶ 3, ECF No. 42-1, and, during the relevant period from August 1, 2019, to April 30, 2022, ODOC maintains the records for approximately 1,500 cell phones, which may include text messages. *Id.* at ¶ 4.

ODOC asserts that it would be unduly burdensome to require it to review the results of an agency-wide search of emails, text, and messaging services to respond to Plaintiff's request and the Court is inclined to agree. However, ODOC's proposal that the search be limited to only the named Defendants is too narrow. The Court will narrow the places to be searched to the email accounts, messenger services, and ODOC-issued cell phones, if any, of (1) the named Defendants; (2) staff of the South Fork Forest Camp, where Plaintiff was injured, Compl. ¶ 1; (3) staff of Columbia River Correctional Institution, where Plaintiff's injury was examined Compl. ¶¶ 15-19; and (4) staff of the Oregon State Correctional Institution, where Plaintiff was transferred for treatment, Compl. ¶ 22. The search is to cover the search terms "Van Wagner," "Frank Van Wagner," "Frank Arnold Van Wagner," and "13187630" from the period of August 1, 2019, to April 30, 2022. ODOC is to produce the results of this search to Plaintiff within thirty (30) days of the date of this Order.

## CONCLUSION

For the reasons set forth above, non-party Oregon Department of Corrections Motion to Quash, ECF No. 39, is GRANTED in part and DENIED in part. Plaintiff has withdrawn his request for medical records and imaging and for photographs and videos. The Court orders that ODOC produce information concerning entered from screen 13, "Inmate Health Plan," and screen 14 "Offender Health Status," of the DOC400 within fourteen (14) days of the date of this Order.

The Court orders ODOC to search email accounts, messenger services, and text messages for the terms "Van Wagner," "Frank Van Wagner," "Frank Arnold Van Wagner," and "13187630" from the period of August 1, 2019, to April 30, 2022, for the following groups: (1) the named Defendants; (2) the staff of the South Fork Forest Camp; (3) the staff of Columbia River Correctional Institution; and (4) the staff of the Oregon State Correctional Institution. ODOC is ordered to produce any relevant, non-privileged results of the search to Plaintiff within thirty (30) days of the date of this Order.

It is so ORDERED and DATED this ___12th___ day of September 2025.

          /s/Ann Aiken
          ANN AIKEN
          United States District Judge